UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HELEN ARONIS,

        Plaintiff,

   v.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORP., a California Corporation; and DOES 1-100, inclusive

        Defendants.

NO. CIV. S-05-0486 WBS DAD

MEMORANDUM AND ORDER
RE: MOTION TO REMAND AND
MOTION TO STAY

----oo0oo----

        Plaintiff brought this action in Sacramento County Superior Court for damages related to her heart attack allegedly caused by the drug Vioxx.  Defendant Merck removed the case to this court.  Defendant McKesson did not participate in the removal.  Plaintiff now seeks a remand to state court and attorneys' fees incurred in connection with this motion.  Merck opposes the motion to remand and moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

        Defendant Merck, a citizen of New Jersey, in its notice of removal alleged that this court has jurisdiction over the

1

1 matter on the basis of diversity.  <u>See</u> 28 U.S.C. § 1332.  Merck
2 alleged that the amount in controversy was greater than the
3 requirement of $75,000 and that there existed complete diversity
4 between the parties.  Merck contends that McKesson, which
5 plaintiff alleges is a resident of California, has been
6 fraudulently joined as a defendant and therefore the presence of
7 McKesson should not destroy diversity.  Plaintiff objects to this
8 characterization of McKesson as fraudulently joined and seeks a
9 remand to state court.

10       For a federal court to have jurisdiction based on
11 diversity, complete diversity between the parties must normally
12 exist.  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067
13 (9th Cir. 2001).  Complete diversity only exists when no
14 defendant is a citizen of the same state as any plaintiff.
15 <u>Caterpillar, Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).  Defendant
16 McKesson, which has not yet filed any papers in this matter, is,
17 like plaintiff, a citizen of California.  Therefore, complete
18 diversity does not exist on the face of the complaint.  However,
19 an exception to the requirement of complete diversity exists
20 where a non-diverse defendant has been fraudulently joined.
21 <u>Morris</u>, 236 F.3d at 1067.  "Fraudulent joinder" is a term of art.
22 "[I]f the plaintiff fails to state a cause of action against a
23 resident defendant, and the failure is obvious according to the
24 settled rules of the state," then the defendant's joinder is
25 deemed fraudulent and is ignored for purposes of the diversity
26 requirements.  <u>Id.</u>(citation omitted).

27       The complaint does not state a cause of action against
28 McKesson, and that failure is obvious.  All plaintiff alleges is

2

that "Vioxx is manufactured and distributed by the defendants." (Compl.).  Plaintiff makes no allegation that McKesson ever handled the specific pills that were allegedly the cause of her injuries.  Defendant concedes that McKesson distributes Vioxx, but hastens to add that there are hundreds, if not thousands, of such distributors.  Plaintiff does not dispute this contention, but counters that McKesson is a major distributor of the drug.

        The allegation that McKesson is <u>a</u> major distributor of Vioxx, even though taken as true at this stage, is not enough to support a claim against McKesson.  To state a claim against a defendant, a plaintiff must allege a causal connection between the injury and the conduct of that defendant.  See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992).  Here, plaintiff does not allege that McKesson contributed in any way to her injuries, only that McKesson is <u>a</u> distributor.  Therefore, the complaint states no claim upon which relief can be granted against McKesson, and McKesson has therefore been fraudulently joined.

        This case will soon be officially transferred to the Eastern District of Louisiana.  A stay therefore is not necessary, and the court does not grant that motion.

        IT IS THEREFORE ORDERED that:

        (1) plaintiff's motion to remand be, and the same hereby is, DENIED;

        (2) plaintiff's motion for attorneys' fees and costs be, and the same hereby is, DENIED; and

///

///

1    (3) defendant's motion to stay be, and the same hereby
2 is, DENIED.
3 DATED: May 3, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4